FILED '09 JUN 25 13:25 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHYLLIS NEWTON,

                Plaintiff,         Civ. No. 08-6351

       v.                    <u>O R D E R</u>

JELD-WEN,INC.,

_____<u>Defendant.</u>

COFFIN, Magistrate Judge:

      Defendant Jeld-Wen Inc. moves for summary judgment on all of plaintiff's claims in this case. For the reasons that follow, the motion (#19) is denied.

<u>Background</u>

      I will briefly summarize the factual background and issues presented in this employment discrimination case.

      Plaintiff Phyllis Newton began her employment with Jeld-Wen in September, 1998. On April 1, 2005, she was transferred to the Garden Window department at the Stayton, Oregon facility where she worked. While employed by defendant, plaintiff sustained several on the job injuries. The latest occurred on January 25, 2008 when

she injured her shoulder working as a "sawyer" in the department (which involves using a power saw to cut vinyl extrusions for use in making frames for garden windows). After the injury, Newton processed a worker's compensation claim and was placed on light duty (not working as a sawyer) based on her doctor's restrictions. On March 24, 2008, Newton's physician released her to return to full duty. On March 25, 2008, she presented the release to her supervisor, Warren Stone. Approximately 4.5 hours later, she was laid off.

<u>Issues</u>

Plaintiff brings three claims, two of which involve her right to be reinstated to her former position(sawyer) if it still existed when she was released to return to full duty (one claim is brought under Oregon law, ORS 659A.043, the other alleges interference with her rights under the Family Medical Leave Act). Plaintiff's third claim is brought pursuant to ORS 659A.040 and alleges that she was discriminated against for having invoked her worker compensation rights.

Plaintiff contends that it discharged its obligation to reinstate plaintiff to the sawyer position on March 25, 2008, however brief she held the position before being laid off.

However, there is conflicting evidence regarding the timing of the layoff decision. Because of a significant downturn in the demand for garden windows, Jeld-Wen

delegated to Stone the decision to lay off workers in his department. Stone asserts that he decided to lay off Newton and a co-worker, Crystal Hernandez, the morning of March 25th 2008 --after Newton was reinstated --and informed both of them of his decision when they were together during the lunch hour. Hernandez, however, states that she was laid off before March 25th (her last day of work was March 21) and both she and Newton dispute Stones' account that they were both present on March 25 when he gave notice of the layoffs.

From this evidence, a jury could conclude that Stone had made his decision to lay off Newton before she had been cleared to return to full duty and that Jeld-Wen did not reinstate her to the sawyer position on March 25 or that, if it did, the reinstatement was illusory because Stone had previously determined to terminate her.

Accordingly, Jeld-Wen's claim that it discharged its obligation to reinstate Newton by restoring her to the Sawyer position for 4.5 hours on March 25th is disputed by other evidence in the record.

Furthermore, under ORS 659A.043(1), if an injured worker is released to return to full duty and her former position is unavailable, "the worker shall be reinstated in any other existing position that is vacant and suitable."

There is evidence that Newton requested reinstatement to other existing positions that opened up in the months

following her layoff from the sawyer position [1], but that Jeld-Wen never offered to reinstate her in such positions, instead opting to hire new employees. In part, Jeld-Wen defends its decisions to hire others on the basis that the alternative position placement is limited to those that are existent and available on the very day the injured employee is released to full duty. By regulation, however, an employee is required to review all position vacancies for three years from the date of injury. OAR 839-006-0145(14). Although Jeld-Wen requests this court to declare the rule invalid, it cites no Oregon caselaw addressing the validity of the rule in question. I find the regulation to be a reasonable exercise of BOLI's rule-making authority. Jeld-Wen's position would limit an employee's reinstatement rights to an exceptionally brief period of time: in this case, 4.5 hours. According to defendant, if a suitable and already existing alternative job opened up the next day (a current employee quits), it would be of no avail to a person in the shoes of plaintiff because it had not been vacant the previous day. I decline to adopt such a restrictive view of Oregon's statutory scheme.

Finally, the evidence that Jeld-Wen did not offer Newton any of a number of suitable alternative jobs at the

---

[1]The court was informed in the briefs that the sawyer position has not been re-opened to date.

Stayton plant[2] that became available after her termination can be considered by the jury, along with other evidence in the case, as evidence regarding whether her on the job injuries and invocation of the workers' compensation system was a factor in not reinstating her.

In sum, the record before me mandates a trial on all of plaintiff's claims. "[W]e require very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can be resolved through a searching inquiry -- one that is most appropriately conducted by the fact-finder, upon a full record." Schnidrig v. Columbia Mach.,Inc. , 80 F.3d 1406, 1410 (9th Cir. 1996)(citations omitted). Even if there were not manifest factual disputes present, it would be better to proceed to a full trial on the claims because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1990).

---

[2]The record references the hiring of 34 new employees by Jeld-Wen between April 8 and July 24, 2008.

## Conclusion

Defendant's motion (#19) for summary judgment is denied and this matter will proceed to trial on plaintiff's three claims.

DATED this ___25+___ day of June, 2009.

_____
THOMAS M. COFFIN
United States Magistrate Judge